Mr. Jerry D. Bell City Attorney City of Gulfport Post Office Box 5187 Gulfport, Florida 33737
Dear Mr. Bell:
This is in response to your request for an opinion asking substantially the following question:
 MAY THE GULFPORT CITY COUNCIL AMEND THE CITY CHARTER TO CHANGE THE NAME OF THE APPOINTIVE PLANNING AND ZONING BOARD OF APPEALS WITHOUT APPROVAL BY REFERENDUM OF THE ELECTORS?
According to your letter of inquiry and supplemental materials, s 802 of the City Charter provides for the composition and appointment of a planning and zoning board of appeals and prescribes the powers and duties thereof. You inquire as to the propriety of amending the charter to change the name of such appointive board without the approval by referendum of the electors of the city.
Section 166.021(4), F.S., provides in relevant part that "nothing in this act shall be construed to permit any changes in a special law or municipal charter which affect . . . matters prescribed by the charter relating to appointive boards . . . without approval by referendum of the electors as provided in s. 166.031." (e.s.) Thus, a referendum of the electors would be required to amend s 802 of the charter so as to change the name of the appointive planning and zoning board of appeals if the name of the board is a matter prescribed by the charter relating to an appointive board. See, AGO 83-39, concluding that adding alternate members to an appointive board created by special law could only be accomplished by a charter amendment with the approval by referendum of the electors. See also, AGO 73-491, concluding that in order to change the name of a municipality under ss 166.021 and 166.031, approval by a majority of the electors voting in a referendum would be necessary since the name of a municipality is an inherent part of the city's creation and existence.
The word "matter" is of broad signification and has been defined as that with regard to or about which anything takes place or is done. 57 C.J.S. Matter, p. 454. When the Legislature uses a term of general import or wide meaning, it must be interpreted broadly enough to embrace within it all the things to which its generality reasonably extends. See, Florida Industrial Commission v. Growers Equipment Co., 12 So.2d 889 (Fla. 1943); State v. City of Jacksonville, 50 So.2d 532 (Fla. 1951); Florida State Racing Commission v. McLaughlin, 102 So.2d 574 (Fla. 1958); 30 Fla.Jur. Statutes s 81. The only qualification of the comprehensive term "matter" as used in s 166.021(4), F.S., is that the "matter" relate to an appointive board. The planning and zoning board of appeals was created and its name designated or prescribed by s 802 of the charter and inasmuch as such designated name relates to the appointive board and it is necessary to amend said charter provision in order to change the name of the board, I find no basis or precedent for construing the provisions of ss 166.021(4) and 166.031, F.S., as inapplicable to any attempt to directly or indirectly effect an amendment of s 802 of the City Charter so as to change the name of the appointive planning and zoning board of appeals.
Therefore, unless and until judicially determined otherwise, I conclude that the Gulfport City Council is without authority under s 166.021(4), F.S., to effect an amendment of s 802 of the City Charter so as to change the name of the city's appointive planning and zoning board of appeals without the approval by referendum of the electors of the city as provided in s 166.031, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General